UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LUQMAN ABDULLAH a/k/a Terry Douglas,  Plaintiff  v.  COREY WILSON, MATT DIXSON and METRO POLICE DEPT.,  Defendants | No. 3:10-1076 Judge Trauger/Brown |

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

Presently pending is the Defendant Metro Police Department's motion to dismiss (Docket Entry 13). For the reasons stated below, the Magistrate Judge recommends that this motion be **GRANTED** and that all claims against the Metropolitan Police Department (MPD) and the Metropolitan Government of Nashville and Davidson County (Metro) be dismissed. Claims against the individual Defendants are not affected by this motion or Report and Recommendation.

## BACKGROUND

The Plaintiff proceeding *pro se* after paying the filing fee alleges that on August 7, 2010, he was pulled over by two vice officers and that they proceeded to search his car and seize around $7,500 in cash plus numbers paraphernalia and a 9mm pistol. Although no specific code section is cited, the grounds for filing the suit are alleged to be illegal search and seizure, retaliation, racial profiling, and acting without probable cause under the

Eighth and Fourteenth Amendments.

The individuals Defendants Wilson and Dixon moved the Court to close and administratively stay this action pending the resolution of the Plaintiff's criminal charges, which they contend underlie the claims alleged in his complaint. They allege that the matter was set for proceedings in state court on January 31, 2011 (Docket Entry 6). As a result of this motion the Magistrate Judge granted a stay until January 31, 2011, and further directed the parties to notify the Magistrate Judge following the completion of the pending criminal charges so the case management conference could be set (Docket Entry 9). The two officers have filed an answer to the complaint. The MPD, acting through the Department of Law of the Metropolitan Government of Nashville and Davidson County, have filed the pending motion to dismiss (Docket Entry 13) with a supporting memorandum. The gist of their motion is that the MPD, which was named as a Defendant by the Plaintiff, is an entity capable of being sued and that to the extent the Court construes the complaint against the MPD as a suit against Metro, it fails to state as a matter of law a violation of Civil Rights Statute 42 U.S.C. § 1983. The Plaintiff has filed a response (Docket Entry 15).

**LEGAL DISCUSSION**

The Magistrate Judge believes that the MPD memorandum (Docket Entry 14) correctly states the law on this issue.

To establish a claim for § 1983 relief, the plaintiff

must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

The MPD is not a person that can be sued under 42 U.S.C. § 1983. *Gant v. Metropolitan Police Department*, Slip. Op. 2010 WL 3341882 (M.D. TN Aug. 24, 2010), a copy of which is attached.

As pointed out in the *Gant* case a *pro se* plaintiff's complaint should be given a liberal reading. Giving the complaint a liberal reading, it can be read to intend a complaint against Metro. However, as pointed out in *Gant*, even so construed, the complaint still fails to state a cause of action against Metro. There is no allegation that the Plaintiff's Constitutional rights were violated pursuant to a "policy statement, ordinance or decision officially adopted and promulgated" by Metro. *Gant* at p. 3, *Monell v. Department of Social Services*, 436 U.S. 658, 689-690 (1978). The facts of this case are strikingly similar to the allegations in *Gant*. Essentially, the Plaintiff alleges that two police officers acted unconstitutionally in stopping him and seizing his property. Of course, the legality of the stop will apparently be litigated in the state court criminal proceedings and, depending upon the result therein the claims against the officers in their individual capacity, may remain.

However, construing the complaint in the light most favorable to the Plaintiff, the complaint does not give rise to a

right to relief above the speculative level as to either MPD or Metro.  As the Court pointed out in *Gant* at page 2, "The complaint's allegations however must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).  To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S. Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the complaint against MPD be dismissed as the complaint fails to state a cause of action as to this Defendant.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has 14 days, from receipt of this Report and Recommendation, in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have 14 days, from receipt of any objections filed in this Report, in which to file any responses to said objections.  Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of further

4

appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 24th day of January, 2011.

<u>/s/ Joe B. Brown</u>
JOE B. BROWN
United States Magistrate Judge