IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LUQMAN ABDULLAH, a/k/a Terry Douglas, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:10-1076 |
| | ) | Judge Trauger |
| COREY WILSON and MATT DIXSON, | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

## O R D E R

On August 7, 2012, the Magistrate Judge issued a Report and Recommendation (Docket No. 106), to which the plaintiff has filed numerous documents constituting and in support of objections to that Report and Recommendation (Docket Nos. 112 - 119).[1] The Magistrate Judge has recommended that the plaintiff's Motion For Summary Judgment (Docket No. 83) be denied and that the defendants' Motion For Summary Judgment (Docket No. 68) be granted and the plaintiff's claims dismissed.

A ruling on a summary judgment motion is a dispositive ruling. When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of

---

[1] Although some of these documents are labeled "Motion," the court interprets them as objection documents, and the Clerk is directed to **TERM** any such documents that have been entered in the record as motions.

further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

This court's *de novo* review of the portions of the Report and Recommendation objected to by the plaintiff convinces this court that granting summary judgment to the defendants on all claims is in error. The Report and Recommendation points out that the plaintiff has "properly contested" the defendants' assertion that the incriminating envelopes and packages were in plain view. (Docket No. 106 at 14) This creates a genuine issue of fact that forecloses a ruling in the defendants' favor on the validity of the search of the plaintiff's car. Even though the investigatory stop of the plaintiff's vehicle was valid, the defendants rely upon the doctrine of plain view to justify their search of the vehicle. Because there are genuine disputes of material fact with regard to whether or not the incriminating items were in plain view, summary judgment may not be granted as to the car search.

It is hereby **ORDERED** that the Report and Recommendation is **ACCEPTED** as to its rulings on the vehicle stop, the seized money, the Eighth Amendment claim, the equal protection claim, and the retaliation claim. Summary judgment is granted to the defendants on those claims and those claims are hereby **DISMISSED WITH PREJUDICE**.

With regard to the vehicle search claim, the plaintiff's Objections are **SUSTAINED**, and the Report and Recommendation is **REJECTED**. That claim remains for trial.

It is hereby **ORDERED** that this case is returned to the Magistrate Judge for further handling under the original referral Order. If the parties do not consent to a trial before the Magistrate Judge, the Magistrate Judge should inform the court that the case is ready to be set for trial.

It is so **ORDERED.**

Enter this 26th day of September 2012.

                                                                                                _____
                                                                                                  ALETA A. TRAUGER
                                                                                                   U.S. District Judge